UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL KNOX,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>WALMART, INC., *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 24-9447 (RLS)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**SINGH, United States Magistrate Judge**.

**PRESENTLY** before the Court is a Motion by Plaintiff Michael Knox ("Plaintiff"), seeking Leave to File an Amended Complaint ("Motion to Amend"). (Doc. No. 17). Defendants Walmart, Inc., Walmart Supercenter Store #2003, and Walmart Stores East, Inc., (collectively, "Defendants") oppose the Motion to Amend, (Doc. No. 19), to which Plaintiff has replied, (Doc. No. 20). This matter is before the undersigned upon the parties' consent to such jurisdiction. (Doc. No. 16); *see* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; L. Civ. R. 73.1. The Court has fully considered the parties' written submissions and heard oral argument on the Motion to Amend on June 16, 2025. (*See* Doc. No. 22). For the reasons set forth below and for good cause shown, the Court **GRANTS** Plaintiff's Motion to Amend.

**I.     RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

On or about February 12, 2024, Plaintiff filed a Complaint in the Superior Court of New Jersey, alleging he slipped and fell on an oily substance while on Defendants' premises on or about July 22, 2023. (*See* Doc. No. 1 at ECF pp. 12-15). On September 25, 2024, Defendants removed

1

the action to this Court pursuant to diversity jurisdiction.[1] (*See* Doc. No. 1); *see also* 28 U.S.C. §§ 1332, 1446.  Following removal, Plaintiff moved to remand, (Doc. No. 5), which Defendants opposed, (Doc. No. 6).  After Plaintiff filed his reply on the motion to remand, (Doc. No. 7), Plaintiff sought the scheduling of an Initial Scheduling Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure, (Doc. No. 8), which the Court held on March 5, 2025, (Doc. No. 13).  During a March 19, 2025 teleconference, Plaintiff sought leave to file a Motion to Amend, which the Court granted.

Plaintiff now moves to amend his Complaint to name four additional defendants: Walmart Stores East, LP; Charles Nartey; Alfred Bennet; and Levi Amaro Cruz (collectively, the "Proposed Defendants").  (*See* Doc. No. 17-3 (the proposed First Amended Complaint)).  Plaintiff alleges these Proposed Defendants' negligence contributed to his injuries but Plaintiff did not know their identity until Defendants served answers to interrogatories in this matter.  (Doc. No. 17-4 at p. 6). Plaintiff also seeks to add additional detail as to his allegations regarding the condition leading to his fall.  (*See* Doc. No. 17-3 at ¶ 2).  Through his Motion to Amend, Plaintiff argues that he meets Rule 15 of the Federal Rules of Civil Procedure because such amendment is not futile and there has been no undue prejudice to Defendants, undue delay, bad faith, or dilatory motive.  (*See generally* Doc. No. 17-4).

Defendants oppose the Motion to Amend, arguing that Plaintiff seeks to join the Proposed Defendants because their joinder would divest this Court of diversity jurisdiction.  (*See* Doc. No. 19 at ECF pp. 3-4).  As such, Defendants contend Plaintiff must meet the balancing test set forth

---

[1] Prior to removal, on May 1, 2024, Plaintiff dismissed without prejudice his claims against Kimco North Brunswick 617 i/p/a Kimco North Brunswick Inc.  (*See* Doc. No. 1 at ¶ 4, Ex. C).  On August 23, 2024, the Superior Court dismissed the claims against Brian Suckie for failure to prosecute.  (*See* Doc. No. 1 at ¶ 5, Ex. D).

in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), which this Court has used to assess whether to grant a motion to amend that would destroy the Court's diversity jurisdiction. (*See* Doc. No. 19 at ECF p. 4). Defendants argue that application of the *Hensgens* factors weigh in favor of denying the Motion to Amend. (*See generally* Doc. No. 19).

Plaintiff replied to Defendants' opposition, contending that Defendants concede that the proposed amendments would not be futile and further that the *Hensgens* factors weigh in favor of permitting the amendment. (*See* Doc. No. 20). Among other things, Plaintiff argues that his motives for amendment are not to simply destroy diversity jurisdiction but rather to assert viable claims and that he has not acted dilatory in seeking to join the Proposed Defendants. (*See generally* Doc. No. 20). On June 16, 2025, the Court heard oral argument on the Motion to Amend, during which the parties reiterated their respective positions. (Doc. No. 22).

## II.   LEGAL STANDARD

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *in re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Rule aims to "ensure[] that an inadvertent error in, or omission from, an original pleading will not preclude a party from securing relief on the merits of his claim." *Korb v. Haystings*, 860 F. App'x 222, 226 n.5 (3d Cir. 2021) (citations omitted). Nevertheless, the Court may, in its discretion, deny a motion for leave to amend in one of three instances: (1) the movant engaged in undue delay, bad faith, or dilatory motives; (2) the amendment would cause undue prejudice to the non-movant; or (3) the amendment would be futile. *See, e.g.*, *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *BTG Int'l Ltd. v. Actavis Labs. FL, Inc.*, No. 15-5909, 2017 WL 529446, at *2 (D.N.J. Feb. 8, 2017).

In considering whether a party seeks to amend in bad faith, the Court does not consider whether the original complaint was filed in bad faith or whether conduct outside the motion to amend amounts to bad faith. *See Livingstone v. Haddon Point Manager LLC*, No. 19-13412, 2020 WL 7137852, at *3 (D.N.J. Dec. 7, 2020) (citation omitted); *see also Diallo v. Alo Enters. Corp.*, No. 12-3762, 2013 WL 3772827, at *3 (D.N.J. July 17, 2023) ("Simply failing to add a claim a party had prior knowledge of does not alone amount to bad faith."). Rather, the question of bad faith focuses on a party's motives for not amending its pleadings sooner. *See Zelma v. Choice Energy, LLC*, Civ. No. 19-17535, 2020 WL 5201341, at *2 (D.N.J. Sept. 1, 2020).

Pursuant to Rule 20(a) of the Federal Rules of Civil Procedure, persons may be joined as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). However, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In such instances, courts in this Circuit have considered the following factors: (1) the extent to which the plaintiff aims to defeat federal jurisdiction with amendment; (2) whether the plaintiff has been dilatory; (3) whether the plaintiff would be prejudiced if the Court denies amendment; and (4) other equitable factors. *See, e.g.*, *Sussman v. Capital One, N.A.*, No. 14-1945, 2014 WL 5437079, at *4 (D.N.J.

Oct. 24, 2014) (recognizing that the Third Circuit "has implicitly endorsed the rule set forth" in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).[2]

Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the Court. *Arab Afr. Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993); *see also Acerra v. Whirlpool Corp.*, No. 09-5402, 2010 WL 1265198, at *1 (D.N.J. Mar. 26, 2010) ("The Court has substantial discretion to decide whether to allow joinder of a diversity-destroying defendant." (internal quotation marks and citations omitted)).

### III. DISCUSSION

Here, in opposing the Motion to Amend, Defendants primarily argue that the *Hensgens* factors weigh in favor of denying the Motion because Plaintiff seeks to join the Proposed Defendants solely to defeat diversity jurisdiction. Indeed, the Court "must scrutinize motions to amend more carefully where a plaintiff seeks to join a non-diverse party, and as a result, deprive a federal court of subject matter jurisdiction." *Perth Amboy*, 539 F. Supp. 2d at 742 (citing, *inter alia*, 28 U.S.C. § 1447(e)). The Court thus considers the *Hensgens* factors and finds that they weigh in favor of joinder.

---

[2] The Court recognizes that this analysis differs from that applied where fraudulent joinder is asserted. Pursuant to the fraudulent joinder doctrine, a defendant may remove an action if a non-diverse defendant is "fraudulently named or joined solely to defeat" federal jurisdiction. *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006). Courts apply the doctrine to determine if a removing defendant can avoid remand <u>after</u> a party has been joined not when a party is seeking to join a non-diverse party. *See id.* at 217 (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)); *City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F. Supp. 2d 742, 746 n.1 and 754 n.2 (noting that, had the plaintiff filed an amended pleading adding the non-diverse defendant instead of moving to amend, then "the appropriate analysis would be one of fraudulent joinder"); *Conover v. United Parcel Serv.*, No. 06-1079, 2006 WL 3534157, at *1, n.2 (D.N.J. Dec. 7, 2006) ("This is not a case of fraudulent joinder, which can only be claimed if the alleged fraudulently joined party has already been joined.").

In considering the first *Hensgens* factor—the extent to which a party's motivation to join new parties is to defeat diversity jurisdiction—the Court focuses on the specific facts and circumstances of the case. *See id.* Specifically, the Court looks to the parties' conduct during the period between filing the complaint and seeking to amend to join the new parties. *Id.* at 747. Here, Defendants argue that Plaintiff's motivations are reflected in a closer look at the timeline of Plaintiff seeking to join the new parties. They contend they disclosed to Plaintiff the names of the Proposed Defendants prior to removal on June 4, 2024, and Plaintiff did not seek to join them until after this matter was removed on September 25, 2024. (*See* Doc. No. 19 at ECF p. 5). Defendants further point out that Plaintiff voluntarily dismissed his claims against a non-diverse defendant prior to removal in May 2024. (*See* Doc. No. 19 at ECF pp. 5-6). As such, Defendants imply that Plaintiff had an opportunity in the Superior Court to seek to join the Proposed Defendants but chose not to until after Defendants removed the matter to this Court. In reply, Plaintiff contends that he asserts colorable claims against the Proposed Defendants and that he waited to seek to amend his complaint after removal because he had filed a motion to remand. (*See* Doc. No. 20 at ECF pp. 2-3).

On the record presented, it is difficult to surmise what activity, if any, occurred in the Superior Court between the disclosure of the identities in June 2024 and the removal of the matter in September 2024. While Plaintiff does not explain why he did not seek to join the parties in the Superior Court before removal, the record does not reflect if the parties were operating under any deadlines for requests to amend or join new parties. Further, although the timing of Plaintiff's Motion to Amend, and his prior motion to remand, indicate a desire for a remand, Plaintiff's original complaint included fictious parties, and Plaintiff appears to have sought through discovery the name of the proper entity and the names of any individuals who might have been involved in

6

the alleged negligence. As such, the Court cannot conclude on this record that Plaintiff is motivated more by the desire to defeat federal jurisdiction than by the desire to assert colorable direct claims against the Proposed Defendants. *See Perth Amboy*, 539 F. Supp. 2d at 748; *Agostino v. Costco Wholesale Corp.*, No. 19-8976, 2019 WL 6080242, at *3 (D.N.J. Jun. 24, 2019) (Report and Recommendation approving joinder because the plaintiff needed time to confirm the new party's identity)), *adopted by* 2019 WL 6050746 (D.N.J. Nov. 7, 2019).

The Court next considers the second *Hensgens* factor: whether Plaintiff was dilatory in seeking to join the Proposed Defendants. *See Perth Amboy*, 539 F. Supp. 2d at 746. As to this factor, Defendants argue Plaintiff was dilatory because he did not seek amendment prior to removal and then waited four months after removal to move to amend. (*See* Doc. No. 19 at ECF p. 6). Plaintiff counters that, following removal, he awaited a decision on his motion to remand before seeking to amend, which he states would have been presented to the Superior Court after remand should remand have been granted. (*See* Doc. No. 20 at ECF pp. 3-4).

When considering the second *Hensgens* factor, the Court looks both at the length of time that has elapsed and the nature of the delay. *Perth Amboy*, 539 F. Supp. 2d at 748. As to the nature of the delay, "a plaintiff's conduct may be found dilatory when the purpose of the delay was to unnecessarily prolong litigation." *Id.* Considering the sequence of events here, the Court cannot find that Plaintiff was dilatory. Plaintiff was unaware of the identities of the Proposed Defendants until June 2024 and claims he would have sought their addition in Superior Court. Upon removal, Plaintiff filed a timely motion to remand and reasonably awaited a ruling on that motion before taking action to join new parties. Indeed, while the parties awaited a decision on the motion to remand, Plaintiff sought to move this matter forward by requesting an Initial Scheduling Conference to set a schedule for further proceedings. (*See* Doc. No. 8). Considering the overall

7

sequence as well as the length of time that has lapsed, the Court finds that the second *Hensgens* factor weighs in favor of permitting joinder because Plaintiff was not dilatory in seeking to amend his Complaint.

Under the third *Hensgens* factor, the Court considers the prejudice to Plaintiff if the Court were to deny amendment. *See id.* at 748-49. Defendants argue that Plaintiff would not be prejudiced because he could maintain his claims against the Proposed Defendants in a concurrent state court action and Plaintiff would not be adding a new source of recovery by joining the Proposed Defendants. Plaintiff counters that he would be prejudiced in that denial of amendment would hamper his ability to proceed against potentially responsible parties. As to this factor, requiring Plaintiff to litigate in two forums to pursue colorable claims would prejudice Plaintiff. *See id.* at 749. Although the Proposed Defendants may be jointly and severally liable to Plaintiff, should Plaintiff proceed in two forums, there is a genuine risk of inefficiencies, increased costs, and inconsistent rulings. *See id.* As such, the Court finds the third factor weighs in favor of granting the Motion to Amend to limit the prejudice to Plaintiff. *See, e.g.*, *Winograd v. Mercedes-Benz USA, LLC*, No. 16-4914, 2017 WL 2926040, at *5 (D.N.J. June 14, 2017) (Report & Recommendation finding the plaintiff would be prejudiced if the non-diverse proposed defendant were not joined), *adopted by* 2017 WL 2953640 (D.N.J. July 10, 2017).

Finally, under the fourth *Hensgens* factor, the Court weighs equitable considerations, such as judicial economy and efficiency. *Perth Amboy*, 539 F. Supp. 2d at 746; *see also Hobson v. Wal-Mart Stores E., L.P.*, No. 22-1524, 2023 WL 5280319, at *4 (D.N.J. Jan. 9, 2023) (Report & Recommendation), *adopted by* 2023 WL 5274612 (D.N.J. Aug. 16, 2023). Defendants contend that judicial resources would be conserved by allowing this matter to remain in federal court, even if the claims against Proposed Defendants were to proceed elsewhere. In particular, Defendants

argue that discovery is in progress subject to deadlines set by the Court and that remand would require court intervention and would delay efforts to complete discovery. Plaintiff counters that judicial economy rather would be conserved by having all allegedly responsible parties in one matter and in one forum. The Court agrees. "It would be a waste of judicial resources to allow two separate proceedings." *Perth Amboy*, 539 F. Supp. 2d at 749; *see also Confessore v. AGCO Corp.*, No. 14-7262, 2015 WL 4430472, at *7 (D.N.J. July 20, 2015) ("compelling a plaintiff to pursue parallel actions in state and federal court is a waste of judicial resources"). Moreover, considering the application of state law to the claims at issue in this matter, Defendants would not be prejudiced by a remand. *Id.*

Accordingly, the Court finds that the *Hensgens* factors weigh in favor of granting Plaintiff's Motion to Amend to join the Proposed Defendants to this action. Because the Proposed Defendants include New Jersey residents, upon filing of the First Amended Complaint, the Court will lack complete diversity of citizenship, warranting a remand to the Superior Court.

## IV.  CONCLUSION

Accordingly, for the reasons set forth above, and for good cause shown,

**IT IS**, **THEREFORE**, on this **15th** day of **July 2025** hereby

**ORDERED** that Plaintiff's Motion to Amend (Doc. No. 17) is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall file the First Amended Complaint on the docket within five (5) business days of this Order; and it is further

**ORDERED** that, upon the filing of the First Amended Complaint, this matter shall be **REMANDED** to the Superior Court of New Jersey, Middlesex County; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket

Entry Number 17.

**SO ORDERED.**

/s/ Rukhsanah L. Singh

**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**